UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-80511-CIV-MARRA

JOSEPH J. FOSTANO,

    Plaintiff,

v.

PIONEER CREDIT RECOVERY, INC.,

    Defendant.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon the Motion of Defendant Pioneer Credit Recovery, Inc. to Dismiss [DE 8]; the Request of Defendant Pioneer Credit Recovery, Inc. for Judicial Notice [DE 9]; and the Motion of Defendant Pioneer Credit Recovery, Inc. to Dismiss Plaintiff's First Amended Complaint [DE 23]. These matters are ripe for review. The Court has reviewed all of the papers submitted by the parties in connection with these motions; the entire file in this matter; and is otherwise duly advised in the premises.

### Procedural History

Plaintiff filed his Complaint on May 17, 2013 [DE 1]. Defendant timely moved to dismiss the complaint on June 27, 2013[1] [DE 8], and also filed its request for judicial notice in support of its motion to dismiss [DE 9]. Plaintiff responded to Defendant's motion by stating that "[a]fter having the benefit of Defendant's argument in its Motion to Dismiss, Plaintiff has filed a

---

[1] Defendant obtained an extension of time to respond to the Complaint until June 27, 2013 [DE 7].

1

First Amended Complaint and requests the Court deny Defendant's Motion as moot as it addresses a Complaint no longer before the Court." [DE 22].

Plaintiff also filed a response to Defendant's request for judicial notice and did not oppose the request [DE 20]. Since all of the documents presented in Defendant's request are public court records, the Court will take judicial notice of them.

Plaintiff's Amended Complaint, however, which was filed on July 31, 2013, was not timely filed. Pursuant to Fed. R. Civ. P. 15(a)(1)(B), a party may amend his pleading once as a matter of course 21 days after service of a motion under Rule 12(b). Although Plaintiff obtained two extensions of time to respond to Defendant's motion [DE 13, DE 17], he did not seek an extension of time to file an amended complaint. *See Hayes v. District of Columbia*, 275 F.R.D. 343 (D.D.C. 2011)(holding that an extension of time to file an opposition to a motion to dismiss does not automatically also extend the deadline to amend a complaint under Rule 15(a)); *see also, Ramos v. Aurora Loan Services*, No. 09-61938-CIV, 2010 WL 966856 (S.D. Fla., March 15, 2010).

In its motion to dismiss the Amended Complaint, Defendant objects to Plaintiff's filing of the Amended Complaint as procedurally improper [DE 23 at 2, fn 1]. Plaintiff provides no explanation in his responding papers [DE 26]. Nevertheless, pursuant to Fed. R. Civ. P. 15(a)(2), a court should freely give leave to amend when justice requires. The Court will view Plaintiff as having moved to amend when he moved for an extension of time to respond to the original motion to dismiss, and the Court herein grants that motion. Defendant's first Motion to Dismiss is, therefore, moot.

## Legal Standard

## Motion to Dismiss for Failure to State a Claim

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court has held that "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

As a general rule, the Court must "limit[] its consideration to the pleadings and exhibits attached thereto" when deciding a Rule 12(b)(6) motion to dismiss. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(internal quotation marks and citation omitted). Rule 12(d) of the Federal Rules of Civil Procedure mandates that if matters outside the pleadings are presented to the court and not excluded, the motion must be treated as one for summary judgment under Rule 56. There is an exception to this rule for documents that are (1) central to the plaintiff's claim and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Undisputed means that the authenticity of the document is not challenged. *Id*.

To support its motion to dismiss, in addition to the court records as to which this Court has taken judicial notice, Defendant has submitted an affidavit [DE 23]. Defendant argues that pursuant to the exception discussed *supra,* these items may be considered by the Court without converting the motion into a motion for summary judgment. [*Id*. at 6-7]. While public records such as those appended to Defendant's Request for Judicial Notice may be considered at the motion to dismiss stage, *see Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999), an affidavit attached to a motion to dismiss is "clearly the sort of evidentiary material that is not appropriate at the 12(b)(6) stage." *Id*. Defendant's submission of an affidavit requires this Court to convert its motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Court **GRANTS** Plaintiff leave to file an amended complaint. Plaintiff having already served the First Amended Complaint, and Defendant having already responded thereto by bringing a motion to dismiss, it is not necessary for

      Plaintiff to re-file or re-serve the First Amended Complaint.

2.     The Motion of Defendant Pioneer Credit Recovery, Inc. to Dismiss **[DE 8]** is **DENIED AS MOOT**.

3.     The Request of Defendant Pioneer Credit Recovery, Inc. for Judicial Notice **[DE 9]** is **GRANTED**.

4.     The Motion of Defendant Pioneer Credit Recovery, Inc. to Dismiss Plaintiff's First Amended Complaint **[DE 23]** is hereby **CONVERTED INTO A MOTION FOR SUMMARY JUDGMENT** pursuant to Fed. R. Civ. P. 12(d). Plaintiff shall have 14 days from the entry of this Order to file with the Court papers responding to this summary judgment motion that comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. Defendant may submit reply papers within the time frames of these rules.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 12th day of November, 2013.

                                    KENNETH A. MARRA
                                    United States District Judge