UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-80511-CIV-MARRA

JOSEPH J. FOSTANO,

    Plaintiff,

v.

PIONEER CREDIT RECOVERY, INC.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon the Motion of Defendant Pioneer Credit Recovery, Inc. to Dismiss Plaintiff's First Amended Complaint [DE 23], which the Court converted into a Motion for Summary Judgment [DE 32]. Both parties have submitted additional papers since the conversion of the Motion to Dismiss [DE 37, 38, 39]. The Motion for Summary Judgment is now ripe for review. The Court has reviewed all of the papers submitted by the parties; the entire file in this matter; and is otherwise duly advised in the premises.

**I. Background**

Plaintiff brought this action alleging that Defendant had violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*("TCPA"), by leaving a message on his cell phone voice mail on September 4, 2012, and other occasions, using an automatic telephone dialing system or a pre-recorded or artificial voice, and failing to inform Plaintiff that the message was from a debt collector; failing to disclose its name; and failing to state the purpose of Defendant's messages.

1

[DE 1 at ¶¶10,11]. Defendant responded by bringing a Motion to Dismiss the Complaint, arguing that the claims contained therein were barred by the class action settlement in *Mark A. Arthur, et. al. v. Sallie Mae, Inc.*, Case No. C10-00198 JLR (D. Ct. W. D. Washington)("*Arthur*"). Defendant requested that the Court take Judicial Notice of documents relating to the *Arthur* case [DE 9], which the Court granted [DE 32].

Plaintiff responded to Defendant's motion by stating: "After having the benefit of Defendant's argument in its Motion to Dismiss, Plaintiff has filed a First Amended Complaint . . . ." [DE 22]. The First Amended Complaint ("FAC") dropped the allegation of a violation of the FDCPA, leaving only the TCPA allegations. Instead of alleging that the call had been placed on September 4, 2012, the FAC alleged that the call had been made on September 24, 2012, and that subsequent to September 17, 2012, Defendant had made similar calls [DE 21 at ¶¶5,6]. Presumably, Plaintiff made these changes because the *Arthur* settlement covered calls Defendant made on or before September 17, 2012 [DE 9-5 at ¶9].

Defendant then moved to dismiss the FAC, without leave to amend, arguing that the claims that Plaintiff makes in the FAC are also barred by the settlement in *Arthur*. The settlement required class members to submit a Revocation Request or be deemed to have provided prior express consent to receive future calls from Defendant through the use of an automatic telephone dialing system and/or pre-recorded voice. Since Plaintiff did not submit a Revocation Request, his claims are barred regardless of when the calls were made [DE 23 at 2].

Plaintiff responds by arguing that there was no prior express consent in the first place to be revoked. Plaintiff also argues for the first time that there are factual questions as to whether Plaintiff was a class member [DE 37].

## II.  Summary Judgment Standard

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the non-moving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  *Anderson*, 477

U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

The Court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-movant. Galvez v. Bruce, 552 F.3d 1238, 1241 (11th Cir. 2008). "All reasonable doubts about the facts should be resolved in favor of the non-movant." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1280 (11th Cir. 2004)(citations omitted).

Pursuant to Fed. R. Civ. P. 56(d), if a nonmovant provides a reason why facts essential to justify an opposition to the motion cannot be presented, a court may defer considering the motion or deny it; allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order.

### III. Discussion

Relying upon the documents as to which judicial notice has been taken,[1] as well as the Affidavit of Jennifer M. Keough [DE 8-1], Defendant has met its burden of informing the Court of the basis for its motion, and has identified those portions of the record which it believes

---

[1] Judicial Notice has been taken of the following documents: (1) the Objection to Class Settlement filed on December 16, 2010 by Plaintiff in the *Arthur* case; (2) the Amended Settlement Agreement filed October 11, 2011 in the *Arthur* case; (3) the Order Certifying Provisional Settlement Class, Preliminarily Approving Amended Class Action Settlement and Providing for Notice to the Settlement Class filed on April 3, 2012 in the *Arthur* case; (4) the Objection to Amended Class Settlement filed on July 9, 2012 by Plaintiff in the *Arthur* case; and (5) the Settlement Order and Final Judgment filed September 17, 2012 in the *Arthur* case. [DE 9, DE 32].

demonstrate the absence of a genuine issue of material fact.  Defendant has demonstrated the following facts:

On April 3, 2012, the *Arthur* court issued an Order Certifying Provisional Settlement Class, Preliminarily Approving Amended Class Action Settlement and Providing for Notice to the Settlement Class (the "Preliminary Approval Order") [DE 9-3].  The Settlement Class consisted of:

> All persons to whom, on or after October 27, 2005 and through September 14, 2010, Sallie Mae, Inc., or any other affiliate or subsidiary of SLM Corporation placed a non-emergency telephone Call to a cellular telephone through the use of an automated dialing system and/or an artificial or prerecorded voice. Excluded from the Amended Settlement Class are . . . all persons who validly request exclusion from the Settlement Class.

[*Id*. at ¶2].

The Preliminary Approval Order required that class notice be delivered to the Settlement Class [*Id*. at ¶6].  The notice was approved by the *Arthur* Court, which held that it complied with due process requirements [DE 9-5 at ¶12].  The notice explained that settlement class members who did not wish to participate in the Settlement must exclude themselves from the lawsuit [DE 8-1 at 5].  It also stated that an agreement had been reached to stop automated calls to the cell phone of Class Members "who file a valid revocation request" [*Id*.].  The notice explained that if a Class Member did not exclude himself, he could object to the Amended Settlement [*Id*. at 6].  Finally, it stated that "**If you do nothing**, you will not stop the automated calls nor receive any monetary award, and you will also lose the right to sue." [*Id.*, emphasis in original].

Plaintiff, along with eight other individuals, filed an Objection to Amended Class

Settlement on July 3, 2012 [DE 9-4].[2]  This objection was filed on their behalf by their attorney, who is the same attorney representing Plaintiff in the instant case.  The *Arthur* Court found Plaintiff's objections to be "meritless." [DE 9-5 at ¶ 5].

The *Arthur* Final Judgment expressly adopted and incorporated the terms of the Amended Settlement Agreement [*Id*. at ¶ 1].  The Court found that "the Amended Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class Members, within the authority of the parties and the result of extensive arm's length negotiations." [*Id*. at ¶3].

The Amended Settlement Agreement provides, in part, that "[a]ny Settlement Class Member who has not submitted or does not submit a valid and timely Revocation Request will be deemed to have provided prior express consent to the making of Calls by Sallie Mae or any other affiliate or subsidiary of SLM Corporation to any phone numbers reflected in such entities' records." [DE 9-2 at 11].  All Revocation Requests were required to be sent to the settlement claims administrator [*Id*. at 4, 11, 25].

Ms. Keough affirms that she is the Chief Operating Officer of The Garden City Group, Inc. ("GCG"), the Claims Administrator for the *Arthur* class action settlement [DE 8-1 at ¶¶1-2]. She refers to her Declarations of May 17, 2012 and August 1, 2012 filed in the *Arthur* case in support of her contention that GCG administered the *Arthur* settlement by mailing and emailing notices to Settlement Class Members, tracking all claims filed, Revocation Request Forms received, exclusion requests received, and objections received.  These two Declarations are a matter of public record in the *Arthur* case, as Docket Entries 224 and 249 respectively.

---

[2]Plaintiff had previously filed an objection to the class settlement along with six other individuals on December 16, 2010.  He was represented by the same attorney at that time. [DE 9-1].

The May 17, 2012 Declaration sets forth how GCG obtained information identifying the Settlement Class Members.  Sallie Mae provided GCG with electronic lists of identified Settlement Class Members that ultimately totaled 7,792,256 [*Arthur* DE 224 at ¶¶5-6].

Ms. Keough confirms that the GCG Settlement Database reflects that individual notice of the *Arthur* settlement was given to Plaintiff [DE 8-1 ¶4].  She further confirms that GCG did not receive a request from Plaintiff to opt out of the Settlement [*Id*. at ¶5].  GCG also did not receive a Revocation Request Form from Plaintiff [*Id*. at ¶6].

Defendant having met its initial burden under Rule 56(a), the burden of production shifted to Plaintiff, who had to "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Plaintiff has failed to meet his burden in this regard.

First, Plaintiff argues that he never gave express consent to receive calls after the *Arthur* settlement [DE 37 at 1-3].  Plaintiff then argues that factual issues remain as to whether or not Plaintiff was even a class member who would be bound by the class action settlement [*Id*. at 3].  He points to the fact that there is no evidence before the Court showing that Plaintiff received an automated call between October 27, 2005 and September 14, 2010 [*Id*.].  Finally, Plaintiff argues that the *Arthur* court "had no jurisdiction to expressly consent or authorize the class representative to expressly consent to future automated calls on Plaintiff's behalf." [*Id*. at ¶4].  Plaintiff requests that the motion be denied and that he be permitted to conduct discovery [*Id*.].

Noticeably absent from Plaintiff's papers is anything other than his attorney's arguments.  There is no affidavit from Plaintiff swearing that he was not a class member.  In fact, Plaintiff did not allege that he was not a class member in either of his complaints.  Furthermore, Plaintiff

represented himself as a class member by filing his objections. He would not have had standing to object if he were not a class member. Plaintiff has not, therefore, submitted any evidence to refute Ms. Keough's affidavit.

Whether the *Arthur* court had the authority to approve the revocation request procedure is not properly brought before this Court. That issue could have been addressed upon an appeal from the *Arthur* Settlement Order and Final Judgment. In the absence of a reversal of this Order and Judgment on appeal, it remains binding upon Plaintiff and is determinative of the motion before this Court. *See Horton v. Met.Life Ins. Co.*, 459 F. Supp.2d 1246 (M.D. Fla. 2006)(discussing the *res judicata* effect of a class action settlement).

Pursuant to Fed. R. Civ. P. 56(d), Plaintiff has not provided a reason why facts essential to justify an opposition to the motion cannot be presented such that this court should defer considering the motion or deny it; allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order. Plaintiff simply states that he has not been permitted to depose Defendant on the facts of the date of the phone calls to him [DE 37 at ¶4]. First, this information should be in Plaintiff's possession or accessible to him from his own phone company. Second, even if this is not the case, this argument goes to whether Plaintiff was a class member. As noted above, not only did Plaintiff represent that he was a class member before the *Arthur* court by filing objections to the settlement, but he has not submitted an affidavit before this Court denying that he was a class member.

### IV.  Conclusion

Plaintiff has failed to refute that he was an *Arthur* class member. The Settlement Order and Final Judgment in the *Arthur* case provides

> In aid to this Court's jurisdiction to implement and enforce the Amended Settlement, Plaintiffs and all Settlement Class Members and all persons purporting to act on behalf of Settlement Class Members are enjoined, directly, on a representative basis or in any other capacity, from asserting, commencing, prosecuting or continuing any of the Released Claims against Sallie Mae or any of the other Released Parties in any action, arbitration or proceeding in any court, arbitral forum or tribunal.

[DE 9-5 at ¶11]. The referenced release specifically includes Defendant as a Released Party [*Id.* at ¶9]. By its terms, the release covers all claims made by Plaintiff herein. Plaintiff's claims are, therefore, barred by the *Arthur* Settlement Order and Final Judgment. There exist no genuine disputes as to any material fact, and Defendant is entitled to judgment in its favor.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Pioneer Credit Recovery, Inc.'s Motion for Summary Judgment [**DE 23**] is **GRANTED**. In accordance with Fed. R. Civ. P. 58, final judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 19th day of February, 2014.

_____
KENNETH A. MARRA
United States District Judge